

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 24, 1971

Honorable David Wade, M.D.
Commissioner, Texas Department of
  Mental Health and Mental Retardation
Box 12668, Capitol Station
Austin, Texas  78711

Dear Dr. Wade:

Opinion No. M-796

Re:  Moving expenses of
     employees of the Texas
     Department of Mental
     Health and Mental Re-
     tardation.

        Your request for an opinion asks the following questions:

        "1.  Does Section 20(c) of Article II of
House Bill 2, Acts of the 61st Legislature, Second
Called Session, 1969, bring the Texas Department
of Mental Health and Mental Retardation within
the provisions of Section 35 of Article V of
House Bill 2, Acts of the 61st Legislature,
Second Called Session, 1969?

        "2.  If your answer to question 1 is in the
affirmative, are the provisions of the second
paragraph of Section 35 of Article V of House
Bill 2, Acts of the 61st Legislature, Second
Called Session, 1969, applicable to the Texas
Department of Mental Health and Mental Retarda-
tion.?"

        In regard to moving expenses of employees of the Texas
Department of Mental Health and Mental Retardation, Subdivision (c)
of Section 20 of Article II of House Bill 2, Acts 61st Leg., 2nd
C.S. 1969, (General Appropriations Act for the biennium ending
August 31, 1971) provides:

        "The Texas Department of Mental Health and
Mental Retardation is hereby authorized to utilize
the services of its Motor Pool to transfer and
deliver the household goods and effects of its
employees transferred from one place of employment
to another within the Department when such service
to such employee is deemed to be in the best in-
terest of the State of Texas; provided, however,
this service shall not be extended to any new
employee."

-3864-

Furthermore, Section 35 of Article V of House Bill 2, Acts 61st Leg., 2nd C.S. 1969, provides the following concerning moving expenses of State employees:

"None of the moneys appropriated in this Act may be expended for paying expenses of moving the household goods or other property or personal effects of officers or employees, provided however, that the Department of Agriculture, State Building Commission, Texas Employment Commission, Highway Department, Alcoholics (sic) Beverage Commission, Parks and Wildlife Department, Railroad Commission, Department of Public Safety, Water Development Board, Water Quality Board, and other agencies when specifically granted such authority by this Act, are authorized to pay costs of transporting and delivering only in State-owned equipment the household goods and effects of employees transferred by the named departments from one permanent station to another, when in the judgment of the department, the best interest of the State will be served by such transfer.

"It is further provided that in the event State-owned equipment is not available, and to avoid imposing the hardship of an employee working in one location while his family and personal belongings are located elsewhere, the above authority may be extended to include the use of a commercial transportation company for the moving of the employees' household goods and other personal effects. Such state agencies may not utilize State funds for such purposes except upon presentation by the officer or employee of a bona fide receipt of payment for services rendered from a commercial transportation company.

"State agencies which are specifically authorized above or elsewhere in this Act to use funds appropriated in this Act to move the household goods or personal effects of officials or employees transferred by official order to new permanent duty stations at State expense, shall file a report of such moves with the Legislative Budget Board by November 1 of each fiscal year. Such report is to cover the preceding fiscal year and include the number of such official transfers

made, the employees' name and position titles, distances involved, and the detail of all expenditures for such transfers. It is specifically provided that the authority granted by this section shall not extend to new employees."

In construing the above quoted provisions it was held in Attorney General's Opinion M-660 (1970) that your Department is given authority to utilize its motor pool in the manner anticipated by Section 35, supra, by the provisions of Subdivision (c) of Section 20, supra. It was further held:

". . . it is our opinion that the language of Sections 35 and 20(c), supra, relating to 'permanent duty stations' and transfer of an employee from one place of employment to another 'within the Department', contemplates the permanent State institution to which he is to be transferred, and not a temporary location at which he is to reside pending construction of his permanent duty station. . . ."

In answer to your first question you are therefore advised that Subdivision (c) of Section 20 of Article II of House Bill 2, Acts 61st Leg., 2nd C.S. 1969, brings the Texas Department of Mental Health and Mental Retardation within the provisions of Section 35 of Article V of House Bill 2, supra, insofar as it relates to permanent duty stations and transfer of an employee from one place of employment to another within the Department on a permanent transfer, but does not apply to a temporary location at which he is to reside pending permanent duty station. Furthermore, Section 35 is not applicable to any new employee because of the limitations contained in Subdivision (c) of Section 20, supra.

In answer to your second question you are advised that the provisions of Section 35 of Article V, supra, including the second paragraph thereof, are applicable to employees of the Texas Department of Mental Health and Mental Retardation.

### S U M M A R Y

Pursuant to the provisions of Subdivision (c) of Section 20 of Article II of House Bill 2, Acts 61st Leg., 2nd C.S. 1969, the provisions of Section 35 of Article V of House Bill 2, supra, are applicable to the Texas Department of Mental Health and

Mental Retardation.  Attorney General's Opinion
M-660 (1970).

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
William J. Craig
Linward Shivers
Brandon Bickett
James Mabry

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant